NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4083-15T1

SPARROWEEN, LLC d/b/a
CIGAR EMPORIUM and RICHARD APPROVED FOR PUBLICATION
YANUZZI,
 November 14, 2017
 Plaintiffs-Appellants,
 APPELLATE DIVISION
v.

TOWNSHIP OF WEST CALDWELL,
TOWNSHIP OF WEST CALDWELL
BOARD OF HEALTH and WILLIAM
WALLACE, INDIVIDUALLY AND
IN HIS CAPACITY AS HEALTH
OFFICER OF THE TOWNSHIP OF
WEST CALDWELL,

 Defendants-Respondents.
_________________________________

 Argued telephonically October 3, 2017 –
 Decided November 14, 2017

 Before Judges Reisner,1 Gilson, and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-1966-
 16.

 Steven J. Martino argued the cause for
 appellants (Iacullo Martino, LLC, attorneys;
 Mr. Martino, on the brief).

 Andrew Gimigliano argued the cause for
 respondents (O'Toole, Scrivo, Fernandez,
 Weiner, Van Lieu, LLC, attorneys; Juan C.

1
 Judge Reisner did not participate in oral argument. She joins
the opinion with the consent of the parties. R. 2:13-2(b).
 Fernandez, of counsel; Anthony D. Capasso and
 Michael Garcia, on the brief).

 The opinion of the court was delivered by

GILSON, J.A.D.

 Plaintiffs appeal from an April 18, 2016 order that dismissed

their prerogative writs action and denied their request to

invalidate a municipal smoking ordinance. Plaintiffs primarily

argue that the New Jersey Smoke-Free Air Act (the Smoke-Free Act),

N.J.S.A. 26:3D-55 to -64, supersedes the municipal ordinance. We

affirm because the ordinance is valid and is not superseded by the

Smoke-Free Act.

 I.

 Plaintiffs are Sparroween, LLC, d/b/a Cigar Emporium

(Sparroween) and Richard Yanuzzi, the sole owner of Sparroween

(collectively, plaintiffs). Since June 2015, Sparroween has

operated a tobacco retail store in West Caldwell.2 One-third of

the store consists of sale space for purchasing cigars, pipe

tobacco, and related accessories. The remainder of the store

consists of seating areas for customers.

2
 At oral argument, counsel for the parties informed us that
Sparroween has ceased operating the store. Counsel for plaintiffs
also represented that the store might reopen if the ordinance was
invalidated.

 2 A-4083-15T1
 In early 2014, Sparroween submitted an application to the

West Caldwell Planning Board (the Planning Board) for site plan

and development approval to open a tobacco retail establishment.

The application stated that Sparroween's intent was to sell cigars,

pipe tobacco, and various accessories, and that the premises would

have seating areas where customers could smoke tobacco products

purchased from the store. The Planning Board forwarded plaintiffs'

application to other Township officials, including the Board of

Health and the Health Officer.

 In response, the Health Officer submitted a memorandum to the

Planning Board and Sparroween, commenting on the application and

identifying certain "requirements" for the application (the

Memorandum). The Memorandum noted that for Sparroween to receive

a tobacco retail establishment waiver under the Smoke-Free Act,

plaintiffs would need to submit a notice of claim for exemption.

In the Memorandum, the Health Officer also suggested certain

conditions, including that: (1) the establishment be a "cash and

carry" business, "with the general purpose of purchasing

product[s] for off-premise[s] consumption[;]" and (2) "pre-

purchase sampling shall be limited to no more than 3 minutes prior

to making a multi-unit purchase from the [tobacco retail

establishment]."

 3 A-4083-15T1
 Thereafter, the Planning Board held a hearing on Sparroween's

application. At the hearing, the chairman of the Planning Board

informed Sparroween that if its application was approved, the

approval would only cover its use as a retail store and a lounge

for customers. Thus, the approval would not cover indoor smoking.

In response, representatives of Sparroween acknowledged that they

would be subject to regulatory requirements to get approval for

indoor smoking.

 Following the hearing, the Planning Board approved

Sparroween's application, and on April 21, 2014, it issued a

resolution approving the application for "the retail sale of

[t]obacco products and accessories." The resolution was

conditioned on Sparroween complying "with all [f]ederal, state and

local laws, rules and regulations[.]" The resolution also noted

that Sparroween had read the recommendations of the Health Officer

set forth in the Memorandum.

 Following receipt of its development and site plan approval,

Sparroween leased and renovated the premises. In June 2015,

Sparroween opened Cigar Emporium. In August 2015, the Health

Officer issued a notice of violation to Sparroween for failing to

file a claim for exemption of a tobacco retail establishment under

the Smoke-Free Act. Sparroween eventually submitted the claim for

exemption on August 31, 2015.

 4 A-4083-15T1
 In early December 2015, the West Caldwell Board of Health

passed an ordinance governing smoking inside tobacco retail

establishments (the Smoking Ordinance). Under that ordinance,

smoking was restricted to "pre-purchase sampling" and was limited

to "no more than 2 minutes[.]" The ordinance also required

operators of tobacco retail establishments to register with the

Board of Health and to obtain a license from the Township's Health

Officer.

 Later that month, on December 24, 2015, the Health Officer

sent Sparroween a notice of violation of the Smoking Ordinance for

allegedly allowing "continuous smoking" inside Cigar Emporium.

The notice directed Sparroween to cease allowing smoking and stated

that failure to comply would result in the issuance of summonses

and the imposition of fines. Counsel for Sparroween contacted the

Board of Health, but the parties did not resolve their differences.

 Thereafter, on March 19, 2016, the Health Officer came to

Cigar Emporium, found patrons smoking, and issued four summonses

to Sparroween for violations of the Smoking Ordinance.3 In

response, on March 21, 2016, plaintiffs filed an order to show

3
 Plaintiffs alleged that the Health Officer also issued summonses
to five customers who were found smoking inside Cigar Emporium.
The individual customers, however, were not parties to the matter
in the trial court and there is no issue concerning the individual
customers before us on this appeal.

 5 A-4083-15T1
cause seeking temporary restraints against the enforcement of the

Smoking Ordinance. Plaintiffs also filed a verified complaint for

declaratory judgment and in lieu of prerogative writs, naming as

defendants the Township of West Caldwell, the Township Board of

Health, and the Township Health Officer. The complaint sought a

declaration that the Smoking Ordinance was illegal and void.

 The trial court initially granted the temporary restraints

and set a return date for a hearing. Defendants filed opposition

to the restraints, and a motion to dismiss the complaint. After

hearing oral argument on April 12, 2016, the trial court entered

an order vacating the temporary restraints and dismissing

plaintiffs' complaint with prejudice. The court explained the

reasons for its ruling in a cogent decision read into the record.

In short, the court held that the Smoke-Free Act did not supersede

the Smoking Ordinance. The court also held that the Smoking

Ordinance was a validly enacted health ordinance and plaintiffs

were not entitled to declaratory relief.

 II.

 On appeal, plaintiffs make three arguments, contending that:

(1) the Smoking Ordinance is not valid because it is superseded

by the Smoke-Free Act; (2) alternatively, the Smoking Ordinance

operates as a land use ordinance and is not applicable to

plaintiffs' non-conforming pre-existing use; and (3) the trial

 6 A-4083-15T1
court erred in dismissing their complaint before allowing

discovery. We are not persuaded by any of these arguments, and

we affirm the trial court's April 18, 2016 order.

 A. The Smoke-Free Act Does Not Supersede the West Caldwell
 Smoking Ordinance

 The primary issue on appeal is whether the Smoking Ordinance

is superseded or preempted by the Smoke-Free Act. That issue is

a question of law, which we review de novo. McGovern v. Rutgers,

211 N.J. 94, 108 (2012).

 The Smoke-Free Act generally prohibits smoking of tobacco in

an indoor public place or workplace. N.J.S.A. 26:3D-58. An indoor

public place includes a "structurally enclosed place of business,

commerce or other service-related activity," including a for-

profit privately owned structure, "which is generally accessible

to the public . . . ." N.J.S.A. 26:3D-57.

 In enacting the Smoke-Free Act, the Legislature found that

tobacco is a leading cause of preventable disease and death in New

Jersey, tobacco smoke constitutes a substantial health hazard to

the non-smoking "majority" of the public, and it was in the

public's interest to prohibit smoking tobacco products in indoor

places of public access. N.J.S.A. 26:3D-56.

 The Smoke-Free Act allows for certain exemptions and states

that its prohibitions do not apply to any "tobacco retail

 7 A-4083-15T1
establishment[,]" "cigar bar[,]" "cigar lounge[,]" or other

identified places. N.J.S.A. 26:3D-59. The Smoke-Free Act then

defines "tobacco retail establishment", "cigar bar", and "cigar

lounge". N.J.S.A. 26:3D-57.

 The Smoke-Free Act also supersedes other statutes, municipal

ordinances, rules, or regulations concerning smoking in an indoor

public place or workplace, with certain exceptions. N.J.S.A.

26:3D-63. Specifically, the Smoke-Free Act states:

 The provisions of this act shall supersede any
 other statute, municipal ordinance and rule
 or regulation adopted pursuant to law
 concerning smoking in an indoor public place
 or workplace, except where smoking is
 prohibited by municipal ordinance under
 authority of [N.J.S.A.] 40:48-1 or 40:48-2 or
 by any other statute or regulation adopted
 pursuant to law for purposes of protecting
 life and property from fire or protecting
 public health, and except for those provisions
 of a municipal ordinance which provide
 restrictions on or prohibitions against
 smoking equivalent to, or greater than, those
 provided under this act.

 [Ibid.]

 Plaintiffs rely on N.J.S.A. 26:3D-63 and argue that it

supersedes the Smoking Ordinance. In that regard, plaintiffs

contend that the Smoke-Free Act allows for their operation of a

tobacco retail establishment and does not limit the amount of time

that customers can smoke in the establishment. Plaintiffs then

contend that the superseding provision of the Smoke-Free Act

 8 A-4083-15T1
grandfathered municipal ordinances that pre-dated the 2006

enactment of the Smoke-Free Act, but prohibited all future

ordinances that are more restrictive. We disagree with this

suggested interpretation because the plain language of the Smoke-

Free Act does not support such a reading.

 West Caldwell's Smoking Ordinance requires tobacco retail

establishments, claiming to be exempt from the Smoke-Free Act, to

file an annual notice with the Board of Health and to be licensed.

The Smoking Ordinance also places restrictions on indoor smoking.

Specifically, the Smoking Ordinance limits smoking to pre-purchase

sampling not to exceed two minutes. These provisions are more

restrictive than the Smoke-Free Act. Accordingly, the Smoking

Ordinance is only valid if it is not superseded by the Smoke-Free

Act.

 The starting place for statutory interpretation is the Act's

plain language. N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst,

229 N.J. 541, 557 (2017). Here, the controlling provision is the

superseding section of the Smoke-Free Act, N.J.S.A. 26:3D-63. That

provision states that the Smoke-Free Act supersedes "any other

statute, municipal ordinance and rule or regulation adopted

pursuant to law concerning smoking in an indoor public place or

workplace . . . ." The provision then identifies three exceptions

when the Smoke-Free Act does not supersede such laws. The

 9 A-4083-15T1
exceptions are: (1) "where smoking is prohibited by municipal

ordinance under authority of [N.J.S.A.] 40:48-1 or 40:48-2[;]" (2)

where smoking is prohibited "by any other statute or regulation

adopted pursuant to law for purposes of protecting life and

property from fire or protecting public health[;]" and (3)

"provisions of a municipal ordinance which provide restrictions

on or prohibitions against smoking equivalent to, or greater than,

those provided under this act." N.J.S.A. 26:3D-63.

 Applying the plain language of the superseding provision of

the Smoke-Free Act, the Smoking Ordinance arguably falls under all

three exceptions, but clearly falls under the first and third

exceptions. As to the first exception, the West Caldwell Board

of Health adopted the Smoking Ordinance pursuant to its authority

under N.J.S.A. 40:48-2, which allows municipalities to enact

ordinances for the preservation of public health. As to the third

exception, it is uncontested that the Smoking Ordinance imposes

greater restrictions than the Smoke-Free Act.

 Plaintiffs focus on the word "adopted" and argue that such

language limits the applicability of the exceptions to previously

adopted laws, municipal ordinances, rules and regulations.

Reading the plain language of the superseding provision does not

support such an interpretation. The word "adopted", as used in

the Smoke-Free Act, plainly refers to existing laws, ordinances,

 10 A-4083-15T1
rules and regulations, as well as those that may be adopted in the

future.

 B. The Smoking Ordinance Is Not a Land Use Ordinance

 Plaintiffs next argue that if the Smoking Ordinance is valid,

it is effectively a land use ordinance and because it was adopted

after Cigar Emporium opened, the Emporium is a pre-existing non-

conforming use exempt from the prohibitions of the Smoking

Ordinance. We reject this argument because the Smoking Ordinance

was a validly adopted health ordinance.

 Municipal health boards are granted the authority to enact

and amend health ordinances. N.J.S.A. 26:3-64. Accordingly, a

municipality may pass an ordinance or regulation "as it may deem

necessary and proper . . . for the preservation of public health,

safety and welfare of the municipality and its inhabitants . . .

." N.J.S.A. 40:48-2. See LDM, Inc. v. Princeton Reg. Health

Comm'n, 336 N.J. Super. 277, 291 (App. Div. 2000) (citing State

v. Crawley, 90 N.J. 241, 247 (1982)) (explaining that

municipalities may enact health ordinances that are reasonably

related to a legitimate object of public health, safety, or

welfare).

 The Smoking Ordinance, like all municipal ordinances, is

entitled to a presumption of validity. Grabowsky v. Twp. of

Montclair, 221 N.J. 536, 551 (2015). Here, the Smoking Ordinance

 11 A-4083-15T1
was enacted by the West Caldwell Board of Health in accordance

with its authority under N.J.S.A. 26:3-64 and N.J.S.A. 40:48-2.

The Smoking Ordinance is rationally related to the Township's

legitimate interest in protecting the health and welfare of its

citizens by limiting their exposure to second-hand smoke.

Additionally, many ordinances, including health ordinances, touch

on the use of land, but are not within the planning and zoning

concerns of the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1

to -17. "[S]uch ordinances are enacted pursuant to the general

police power and apply to everyone." See, e.g., N.J. Shore

Builders Ass'n v. Twp. of Jackson, 199 N.J. 38, 53-54 (2009)

(applying the rational basis test to determine the validity of a

municipal ordinance adopted pursuant to N.J.S.A. 40:48-2, and

holding that the ordinance did not fall within the purview of the

MLUL despite affecting the use of land). Consequently, the Smoking

Ordinance is a valid municipal health ordinance and it is not a

land use ordinance.

 C. Plaintiffs' Complaint Was Properly Dismissed

 We use a de novo standard when reviewing an order dismissing

a complaint for failure to state a claim. When reviewing a motion

to dismiss under Rule 4:6-2(e), we assume that the allegations in

the pleadings are true and afford the pleader all reasonable

inferences. Seidenberg v. Summit Bank, 348 N.J. Super. 243, 249-

 12 A-4083-15T1
50 (App. Div. 2002). "Where, however, it is clear that the

complaint states no basis for relief and that discovery would not

provide one, dismissal of the complaint is appropriate." J.D. ex

rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375, 397 (App. Div.

2010) (quoting Cty. of Warren v. State, 409 N.J. Super. 495, 503

(App. Div. 2009), certif. denied, 201 N.J. 153, cert. denied sub

nom., 561 U.S. 1026, 130 S. Ct. 3508, 177 L. Ed. 2d 1092 (2010)).

 Here, plaintiffs' complaint alleged four causes of action and

sought two forms of relief: (1) a declaration that the Smoking

Ordinance was illegal and void; and (2) a damages award holding

the Health Officer liable for his alleged wrongful and malicious

interference with plaintiffs' business. Because we have held as

a matter of law that the Smoking Ordinance was valid, neither of

these forms of relief could be granted. Moreover, there was no

need for discovery since the controlling issue was an issue of

law.

 Affirmed.

 13 A-4083-15T1